**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**AL OUSSEYNOU BA,**

    *Petitioner*,

**v.**                                           **Case No. 5:26-CV-0421-JKP**

**PAMELA JO BONDI,**
**United States Attorney General, et al.,**

    *Respondents*.

**ORDER GRANTING**
**PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is a Petition for Writ of Habeas Corpus (ECF No. 1) filed pursuant to 28 U.S.C. § 2241. Respondents have submitted an Abbreviated Response (ECF No. 5) to preserve the legal issues and to conserve judicial and party resources. The Court finds no need to await a reply.

After reviewing the briefing, provided evidence, and applicable law, the Court grants the petition for the same reasons stated in the cases cited in footnote 1 of its Order for Service (ECF No. 3) and relisted here.[1] While Respondents respectfully disagree with those decisions, the factual and legal issues presented in this case do not differ in any material fashion from those presented in the identified decisions. As requested by Respondents, the Court incorporates the filings in the cases identified in their Abbreviated Response into the record in this case.

Respondents acknowledge that this Court's prior rulings concerning similar challenges to

---

[1] Cases addressing detention under 8 U.S.C. § 1225(b)(1): *See, e.g.*, *Diaz Perez v. Thompson*, No. 5:25-CV-1664-JKP, 2025 WL 3654333 (W.D. Tex. Dec. 15, 2025); *Davila Mercado v. Lyons*, No. 5:25-CV-1623-JKP, 2025 WL 3654268 (W.D. Tex. Dec. 11, 2025).

Cases addressing detention under 8 U.S.C. § 1225(b)(2): *See, e.g.*, *Orellana v. U.S. Dep't of Homeland Sec.*, No. 5:25-CV-1028-JKP, 2025 WL 3471569 (W.D. Tex. Nov. 24, 2025); *Gonzalez v. Ortega*, No. 5:25-CV-1156-JKP, 2025 WL 3471571 (W.D. Tex. Nov. 24, 2025); *Trujillo v. Noem*, No. 5:25-CV-1266-JKP, 2025 WL 3471572 (W.D. Tex. Nov. 24, 2025); *Granados v. Noem*, No. SA-25-CA-01464-XR, 2025 WL 3296314 (W.D. Tex. Nov. 26, 2025).

Case addressing § 1225(b)(1) and § 1225(b)(2): *Tinoco Pineda v. Noem*, No. SA-25-CA-01518-XR, 2025 WL 3471418 (W.D. Tex. Dec. 2, 2025).

the government policy or practice at issue in this case, and the common question of law between this case and those rulings, would control the result in this case should this Court follow its legal reasoning in its prior decisions. They have considered the Court's cited orders and present one argument that deserves brief consideration.

Respondents note a difference between this case and the cited orders that they deem to be material to resolving the instant petition, i.e., Petitioner is now subject to an order of removal. They submit that the removal order is concrete evidence of flight risk in removal proceedings. But nothing indicates that the removal order is yet administratively final or that detention is now proper under 8 U.S.C. § 1231. Petitioner has reserved the right to appeal the removal order and Respondents continue to contend that detention is proper under § 1225(b)(1).

The Court has had similar facts in prior cases. *See*, *e.g.*, *Umanzor Maldonado v. Lyons*, No. 5:26-CV-0112-JKP, 2026 WL 196521, at *1 (W.D. Tex. Jan. 20, 2026); *Reyes-Lopez v. Bondi*, No. 5:25-CV-1800-JKP, 2026 WL 94653, at *1 (W.D. Tex. Jan. 6, 2026); *Montilla De Diaz v. Lyons*, No. 5:25-CV-1809-JKP, 2026 WL 94645, at *1 (W.D. Tex. Jan. 6, 2026). In the latter two cases, the non-final removal order did not affect the Court's consideration of the issues or its ultimate conclusion that Respondents may not detain the petitioner under § 1225(b)(1) or (2). *See Reyes-Lopez*, 2026 WL 94653, at *1–6 (addressing detention under § 1225(b)(2)); *Montilla De Diaz*, 2026 WL 94645, at *1–6 (addressing detention under § 1225(b)(1)). In *Umanzor Maldonado*, the Court directly considered the same allegedly distinguishing characteristic and found that the presence of a non-final order of removal did not materially affect its analysis whether detention was proper under § 1225(b)(1) or (2). *Umanzor Maldonado*, 2026 WL 196521, at *1

That Petitioner here is now subject to a non-final order of removal does not alter this Court's prior analysis. The Court does not find that Respondents' argument materially distinguishes this case from numerous others that have rejected Respondents' position and their

2

jurisdictional arguments. Its consistent analysis is that neither § 1225(b)(1) nor § 1225(b)(2) permit Respondents to detain noncitizens under facts like those now before the Court. Whether an order of removal provides concrete evidence of flight risk is not a matter at issue when considering whether mandatory detention is proper under § 1225(b)(1) or § 1225(b)(2).

For reasons previously stated in other cases, the Court finds that (1) it has jurisdiction to consider the arguments presented in the instant habeas petition; (2) Respondents have violated provisions of the Immigration and Nationality Act; (3) Petitioner cannot be detained under 8 U.S.C. § 1225(b); (4) fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 are not available in habeas corpus proceedings like this one; and (5) *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM (C.D. Cal. 2025) does not preclude granting habeas relief in this case at this time. The Court treats the instant action solely as a habeas action under 28 U.S.C. § 2241 and declines to consider any constitutional or other challenge presented. Under the facts and circumstances of this case, this Court concludes Petitioner's detention is unlawful, and habeas relief is proper.

Accordingly, the Court **GRANTS** the Petition for Habeas Corpus (ECF No. 1). It is **ORDERED** that:

1. Respondents are **DIRECTED** to **RELEASE** Petitioner Al Ousseynou Ba from custody, under appropriate conditions of release, to a public place **no later than February 1, 2026**.

2. Respondents must **NOTIFY** Petitioner's counsel of the exact location and exact time of her release as soon as practicable and no less than two hours before his release.

3. Any possible or anticipated removal or transfer of Petitioner under this present detention is **PROHIBITED** so that Petitioner is released consistent with this order.

4. Respondents shall **FILE** a Status Report no later than **February 2, 2026**, confirming that Petitioner has been released. If counsel for Petitioner disagrees with any aspect of the filed

3

Status Report, counsel may file a separate Status Report.

A final judgment will be issued separately.

**IT IS SO ORDERED this 30th day of January 2026.**

_____
**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**